IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Billy Roy Boyd, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 6:17-1032-TLW |
| vs. | ) | |
| | ) | |
| Alan Wilson; W. Walter Wilkins; Scott D. Robinson; and R. Mills Ariail, Jr., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

On April 21, 2017, Plaintiff Billy Roy Boyd brought this action, *pro se*, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Defendants each filed a separate motion to dismiss in this case. ECF Nos. 28, 34, 43, 46. As Plaintiff is proceeding *pro se*, the Court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) for each motion to dismiss, advising Plaintiff that if he failed to respond, this action may be dismissed. ECF Nos. 29, 35, 44, 47. On September 25, 2017, the Court ordered Plaintiff to advise by October 10, 2017, whether he wished to continue with the case against Defendants Alan Wilson and R. Mills Ariail, Jr. ECF No. 41. On December 1, 2017, the Court ordered Plaintiff to advise by December 15, 2017, whether he wished to continue the case and to file responses to all pending motions. ECF No. 49. Plaintiff failed to file responses to any of the motions.[1]

This matter now comes before the Court for review of the Report and Recommendation, filed on December 18, 2017, by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule

---

[1] Plaintiff filed a motion to amend his complaint on August 30, 2017. ECF No. 38. Plaintiff was advised by the Court that the motion to amend does not relieve him of his responsibility to file responses to the motions. ECF No. 49 at n.1. Substantively, the motion to amend is futile, as it does not address the deficiencies of the complaint discussed in the Report and Recommendation.

73.02(B)(2)(d), (D.S.C.).  ECF No. 51.  The Report recommends that this case be dismissed pursuant to Fed. R. Civ. P. 41(b).  *Id.*  The deadline to object to the Report was January 2, 2018.  Plaintiff failed to file objections to the Report.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636.  In the absence of objections to the Report, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In light of this standard, the Court has carefully reviewed the Report and relevant filings.  The Court notes that Plaintiff has not filed objections to the Report or any responses to the motions to dismiss in this case.  For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 51, is **ACCEPTED**, and this action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).[2]  Further, Plaintiff's motion to amend, ECF No. 38, is **DENIED** as futile.

**IT IS SO ORDERED.**

                                                     __s/Terry L. Wooten_____
                                                     Chief United States District Judge

January 25, 2018
Columbia, South Carolina

---

[2] This Court notes that Plaintiff did not respond to the motions to dismiss filed by the Defendants.  In light of the dismissal of this case, these motions to dismiss are hereby terminated as **MOOT**.  However, the Court notes that the analysis in those filings and the Report supports dismissal of this action on the merits as analyzed by the magistrate judge.